OPINION
{¶ 1} Appellant, Elizabeth Cather, appeals from the judgment entered by the Juvenile Division of the Portage County Court of Common Pleas. The trial court granted appellee's, Portage County Division of Job and Family Services ("PCDJFS"), motion for permanent custody for three of appellant's children, Raymond Cather, Joseph Cather, and Nicholas Shope.
{¶ 2} Joseph and Raymond are twins. At the time of the hearing, they were six years old. Nicholas was two and a half years old at the time of the hearing. The alleged biological fathers of these children did not enter an appearance throughout this case and are not involved in this appeal.
{¶ 3} On December 13, 1999, appellant allegedly left the three children home alone with her brother. However, one of the children started crying, and neighbors called the police. When the police arrived, they found the three children home alone. The children were removed from the residence and placed into foster care.
{¶ 4} In February of 2000, the children were adjudicated neglected and dependent, and appellee was granted temporary custody of them. The court also adopted appellee's case plan for appellant. On November 13, 2000, appellee filed a motion for permanent custody of the three children.
{¶ 5} The case plan appellee had prepared for appellant required appellant to accomplish certain things. Some of the requirements were seeking employment or assistance to maintain her housing, completing a psychological evaluation, and attending parenting classes.
{¶ 6} During the time appellee was involved and appellant was working on the case plan, appellant became pregnant with a fourth child. This child was born in July 2001, and was placed into the temporary custody of the Summit County Department of Family Services. Appellant's parental rights as they relate to the new child are not at issue before this court.
{¶ 7} The permanent custody hearing was held on January 11, 2002. In a judgment entry dated January 22, 2002, the trial court granted appellee's motion for permanent custody, thereby divesting appellant and the biological fathers of their parental rights. Appellant timely appeals from this decision.
{¶ 8} Appellant raises the following assignments of error:
 {¶ 9} "[1.] The trial court erred in finding that it is in the minor children's best interest that they be placed in the permanent custody of PCDJFS as the prosecution failed to meet its burden of proof requiring clear and convincing evidence."
 {¶ 10} "[2.] The trial court erred in granting PCDJFS's motion for permanent custody thereby terminating the parental rights of appellant Cather as the trial court's findings are against the manifest weight of the evidence which could only lead to one conclusion, that being contrary to the judgment of the trial court."
 {¶ 11} "[3.] The trial court erred in granting PCDJFS's motion for permanent custody as appellant Cather substantially complied with her case plan requirements."
 {¶ 12} "[4.] The trial court erred in granting PCDJFS's motion for permanent custody applying the 12 out of 22 month custody analysis where the trial court failed to consider and the prosecutors failed to show, by clear and convincing evidence, whether the children could not be placed with either parent within a reasonable time or should not be placed with either parent."
{¶ 13} The trial court is required to make statutory findings in a permanent custody case. A reviewing court determines whether the trial court followed the statutory factors in making its decision, or abused its discretion by deviating from the factors.[1]
{¶ 14} R.C. 2151.414 pertains to permanent custody hearings and states, in relevant part:
 {¶ 15} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 16} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
{¶ 17} "(b) The child is abandoned.
 {¶ 18} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 19} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
{¶ 20} R.C. 2151.414(D) provides, in relevant part:
 {¶ 21} "In determining the best interest of the child * * * the court shall consider all relevant factors, including, but not limited to, the following:
 {¶ 22} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 23} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard to the maturity of the child;
 {¶ 24} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 25} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 26} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
{¶ 27} The standard of proof required under R.C. 2151.414 is clear and convincing evidence.[2] "Clear and convincing evidence is that evidence `which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'"[3] The standard of clear and convincing evidence is higher than that of proof by a preponderance of the evidence but is not as high as the standard of proof beyond a reasonable doubt.[4]
{¶ 28} The guardian ad litem reported that the two older children indicated they loved both their mother and their foster parents. However, they decided that their foster parents would be better able to care for them and their younger brother.
{¶ 29} At the time of the hearing, appellant had not maintained stable employment or housing for a period of two years. She was living with her mother in a one-bedroom apartment, and she admitted that it would be an insufficient living situation for her and her children. Appellant testified that if custody of her children were returned to her she would rely on her boyfriend's income of fifteen dollars per hour to support herself and her children.
{¶ 30} Beth Ann Carroll, the children's foster mother, testified regarding the various medical needs of the children. Specifically, two of the children need ointments applied to their skin. Also, at least one of the children has asthma, which requires special air purifiers.
{¶ 31} Further, there was testimony from multiple parties that the children had been in foster care for over two years.
{¶ 32} There was sufficient evidence presented at the hearing that, based upon it, a reasonable person could conclude by clear and convincing evidence that it was in the children's best interest to grant appellee's motion for permanent custody. Therefore, appellant's first assignment of error is without merit.
{¶ 33} In her second assignment of error, appellant asserts the trial court's judgment was against the manifest weight of the evidence. This court has adopted the following standard for reviewing whether a decision is against the manifest weight of the evidence in a case involving the termination of parental rights:
 {¶ 34} "`Judgments supported by competent, credible evidence going to all the material elements of the case will not be reversed, as being against the manifest weight of the evidence. * * * We must indulge every reasonable presumption in favor of the lower court's judgment and finding of facts. * * * In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment.'"[5]
{¶ 35} As we noted above, there was sufficient evidence provided to support the trial court's finding that granting appellee's motion for permanent custody was in the children's best interest. There was also sufficient evidence presented that the children had been in the temporary custody of appellee for more than twelve months of a consecutive twenty-two month period.
{¶ 36} The trial court's decision was not against the manifest weight of the evidence. Appellant's second assignment of error is without merit.
{¶ 37} In appellant's third assignment of error, she argues that she substantially complied with the case plan. The main points of the case plan that the trial court focused on were the requirements that appellant maintain housing and that she seek employment or assistance. Appellant asserts that the case plan only required her to "seek employment or assistance." (Emphasis sic). We disagree. The case plan required her to "seek employment or assistance to help her maintain her housing and household." Appellant was required to seek employment or assistance that would sufficiently provide for her housing needs. She was not merely required to seek employment. The record does reveal that appellant sought employment, however, it also reveals that appellant did not hold one job for more than two weeks throughout the two years of the case plan. Even appellant admitted that a two-week salary was insufficient to support her children.
{¶ 38} The trial court did not err by finding that appellant's compliance efforts with the case plan were insufficient.
{¶ 39} Moreover, we note that the issue is not whether appellant has substantially complied with the case plan, but whether she has substantially remedied the situation that caused the children's removal.[6] Here the children were removed from the home because they were home alone. They were then adjudicated to be neglected and dependent. Even if we were to find that appellant had substantially complied with the case plan, she would still not be able to remedy the situation, i.e., the children would still be neglected and dependent if they were returned to her, as she has no means of providing housing for them.
{¶ 40} Appellant's third assignment of error is without merit.
{¶ 41} Appellant's fourth assignment of error is that the trial court did not make the findings that the children could not be placed with either parent within a reasonable amount of time or that the children should not be placed with either parent.
{¶ 42} In Rodgers, the court noted that, although the trial court made findings that the child could not be placed with either parent within a reasonable time as required by the former version of R.C.2151.414, these findings were not necessary because the trial court complied with the R.C. 2151.414 as amended by H.B. No. 484.[7]
{¶ 43} Here, the trial court also complied with the amended version of R.C. 2151.414. Pursuant to R.C. 2151.414, quoted infra, the trial court was required to find that it was in the best interest of the children to award permanent custody and that any of four factors apply. The trial court found that the fourth factor, R.C. 2151.414(B)(1)(d), applied. This factor is that the children have been in the custody of a public children services agency for twelve or more months in a twenty-two month period. The uncontested evidence presented at the hearing was that the children had been in the custody of appellee for nearly two years.
{¶ 44} Appellant's fourth assignment of error is without merit.
{¶ 45} In conclusion, we note that parental rights should be terminated only as a last resort; however, it is permissible when necessary for the welfare of the children.[8] Here, appellant was given numerous opportunities to be reunited with her children. However, she failed to meet the minimum case plan requirements of finding and maintaining stable employment and housing, even though she knew how important these requirements were to the reunification efforts.
{¶ 46} The children had been in the temporary custody of appellee for nearly two years at the time of the hearing. Appellant testified that she did not have suitable housing for the children and that she would need some more time to find housing. She also stated that she was going to rely on a boyfriend for support of her and her children. There was no indication of when, if ever, appellant was going to be able to support her children. The trial court did not abuse its discretion by finding that the grant of permanent custody was in the children's best interest. Likewise, the trial court did not abuse its discretion when it found that the children had been in the temporary custody of a public children services agency for more than twelve months of a consecutive twenty-two month period. Therefore, the trial court did not abuse its discretion by granting appellee's motion for permanent custody.
{¶ 47} The judgment of the trial court is affirmed.
ROBERT A. NADER, J., DIANE V. GRENDELL, J., concur.
[1] In re Rodgers (2000), 138 Ohio App.3d 510, 520, citing In reWilliam S. (1996), 75 Ohio St.3d 95.
[2] In re William S., 75 Ohio St.3d 95, syllabus.
[3] In re Rodgers, 138 Ohio App.3d 510, 519, quoting Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph one of the syllabus.
[4] In re Patterson (1999), 134 Ohio App.3d 119, 123.
[5] (Internal citations omitted). In re Haker (Dec. 3, 1999), 11th Dist No. 98-P-0106, 1999 Ohio App. LEXIS 5771, at *7, citing Gerijo, Inc. v.Fairfield (1994), 70 Ohio St.3d 223, 226.
[6] (Citations omitted). In re Shchigelski (Oct. 20, 2000), 11th Dist. No. 99-G-2241, 2000 Ohio App. LEXIS 4900, at *13.
[7] In re Rodgers, 138 Ohio App.3d at 521-522.
[8] In re Wise (1994), 96 Ohio App.3d 619, 624.